```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA
```

DENNIS KEYS,                          )
                                      )
             Plaintiff,               )
                                      )
       v.                             )   CIV-07-237-FHS
                                      )
AHS WAGONER HOSPITAL AL, LLC,         )
a Foreign Limited Liability           )
Company,                              )
                                      )
             Defendant.               )

## ORDER AND OPINION

Before the court for its consideration is the Defendant's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support. The court grants the motion for the following reasons.

On January 1, 2007, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. In this charge, plaintiff stated he was "subjected to unequal terms and conditions compared to the female co-workers," that he complained of this alleged discrimination in October 2005, and that he was discharged on or about February 9, 2006, in retaliation for his complaints. Plaintiff received his Notice of Right to Sue on or about May 3, 2007.

On July 30, 2007, plaintiff filed his complaint alleging the following two claims: (1) that he was subjected to hostile work environment on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964; and (2) he was terminated in retaliation for his complaints of discrimination in violation of Title VII.

Defendant has filed this motion to dismiss alleging this lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) because it is untimely.  In the motion to dismiss, defendant argues Title VII requires a litigant to file a charge of discrimination within 300 days of the alleged discriminatory conduct.  Defendant argues the alleged discriminatory conduct has to be the termination on February 9, 2006, and that the formal charge filed on January 1, 2007, is outside of the 300 days allowed.  Plaintiff responded by arguing while his formal charge was not filed within 300 days of the alleged discriminatory conduct, his General Intake Questionnaire was completed on November 3, 2006.  Plaintiff argues the General Intake Questionnaire, along with the affidavit submitted, constitute a charge for purposes of the statute of limitations.

It is undisputed that Title VII requires a litigant to file a charge within 300 days of the alleged discriminatory conduct. <u>Duncan v. Manager, Department of Safety, City and County of Denver</u>, 397 F.3d 1300, 1308 (10th Cir. 2005)(citing 42 U.S.C. Sec. 2000e-5(e)(1).  However, it appears the issue of whether a General Intake Questionnaire can constitute a charge with the Equal Employment Opportunity Commission is unsettled by the courts. This court finds the alleged discriminatory conduct occurred on February 9, 2006. Plaintiff's charge of discrimination was filed on January 1, 2007. This is beyond the 300 days allowed by law.  <u>Duncan</u> at 1309. If an employee does not file a charge within 300 days of the alleged discriminatory act, the employee's claim is time-barred. Freed v. <u>The Board of Regents of the University of Colorado</u>, 198 F.3d 257, (10th Cir. 1999).   Accordingly, defendant's motion to dismiss is hereby **GRANTED.**

**IT IS SO ORDERED** this 19th day of October, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma